UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LUSTER,

    Plaintiff,

v.                                                                                                Case No. 06-12273
                                                                                                  Honorable Patrick J. Duggan

MACOMB COUNTY SHERIFF'S JAIL,
MACOMB COUNTY PROSECUTOR'S
OFFICE, MACOMB COUNTY JAIL
NURSING STAFF, ARRESTING
OFFICER NAGEL, and JUDGE LUCIDO,

    Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 25, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
            U.S. DISTRICT COURT JUDGE

Plaintiff Derrick Luster ("Plaintiff") initiated this civil rights lawsuit against Defendants on May 18, 2006. On October 17, 2006, this Court dismissed Plaintiffs' claims against Arresting Officer Nagel, due to Plaintiff's failure to timely serve him with the Summons and a copy of the complaint. Plaintiff's claims remain pending against the Macomb County Sheriff's Jail, Macomb County Prosecutor's Office, Macomb County Jail Nursing Staff, and Judge Lucido (collectively "Defendants"). Presently before the

Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), filed on March 15, 2007.  Plaintiff filed a response to the motion on April 10, 2007.  On April 25, 2007, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendants' motion pursuant to Eastern District of Michigan Local Rule7.1(e)(2).  For the reasons that follow, the Court grants Defendants' motion.

## I.   Applicable Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)).  A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Summary judgment pursuant to Rule 56(c) is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

## II.    Factual Background[1]

On April 12, 2006, Officer Nagel stopped Plaintiff's vehicle and asked Plaintiff for his driver's license, insurance, and proof of registration. Plaintiff showed the officer his "Sovereign Identification"– a document entitled "Affidavit of Truth UCC-1 Registration Declaration of Sovereignty Ultimate Claim to Legal Freedom"– and an affidavit entitled "Judicial Notice/Demand for Rights." (Compl. ¶¶ 4-5 & Exs. 1 & 3.) Officer Nagel refused to take Plaintiff's documents and told Plaintiff to step out of his car. When Plaintiff refused, the officer threatened to spray him with pepper spray. When Plaintiff then complied, and stepped out of his vehicle, Officer Nagle arrested him. Plaintiff was transported to the Macomb County Jail, where he claims that unidentified jail workers mistreated him.

On or about April 16, 2006, Plaintiff "was arraigned by [a] magistrate" in Macomb County on the charges of driving without a license and assault and battery. (Compl. ¶

---

[1]The following facts are set forth in Plaintiff's complaint.

21.)  He claims that a Macomb County prosecutor and Macomb County Judge Lucido thereafter deliberately suppressed certain documents offered by Plaintiff.  Plaintiff further claims that on or about the same date, presumably while he was in the Macomb County Jail, an unidentified nurse injected him with an unknown chemical.

### III.     Applicable Law and Analysis

#### A.     Macomb County Sheriff's Jail, Macomb County Prosecutor's Office, Macomb County Jail Nursing Staff

Plaintiff's claims against the Macomb County Sheriff's Jail, Macomb County Prosecutor's Office, and Macomb County Jail Nursing Staff must be dismissed because they are not legal entities capable of being sued.  *See, e.g., Watson v. Gill*, 40 Fed. App'x 88, 89 (6th Cir. 2002)(holding that county jail is not a legal entity susceptible to suit); *Hughson v. County of Atrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988)(concluding that county sheriff's department and county prosecutor's office are not legal entities capable of being sued); *Haverstick Enter. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992), *aff'd* 32 F.3d 989 (6th Cir. 1994)(dismissing claims against city police department because it is not a legal entity against whom a suit can be directed).  These Defendants are departments of the county and thus the county is the appropriate party to address Plaintiff's suit.  *Watson*, 40 Fed. App'x at 89.  While Macomb County is not immune from suit, it is not liable for a constitutional violation inflicted by its employees or agents unless the alleged violation results from an official policy or custom of the county.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694, 98 S. Ct. 2018, 2035,

2037-38 (1978); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007).

Plaintiff does not identify any custom or policy of Macomb County related to the alleged deprivations of his constitutional rights.[2]

**B.     Judge Lucido**

Plaintiff fails to state a viable claim against Judge Lucido based on Judge Lucido's decision to suppress certain evidence in Plaintiff's criminal case. "It is well established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)(citing *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213 (1967)). Plaintiff does not allege that Judge Lucido was acting in a non-judicial capacity; nor does he allege that Judge Lucido was without jurisdiction to perform the actions of which Plaintiff complains. *See id.* (indicating that "judicial immunity does not apply if the judge's activities were 'non-judicial' in nature or if the judge's actions are performed without any jurisdiction to do

---

[2]The Court notes that any claim against the particular prosecutor in Plaintiff's criminal case with respect to the suppression of evidence in that case would be subject to dismissal. A prosecutor acting within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the state's case is absolutely immune from civil suits for alleged deprivations of the accused's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976). Plaintiff's claims involving the nurse in the Macomb County Jail would be subject to summary judgment because, as Defendants show, the "injection" Plaintiff received actually was a Tuberculosis test national standards require of inmates within 14 days of their incarceration. (Defs.' Mot. Ex. 1.) Additionally, Defendants present evidence indicating that Plaintiff consented to the test. (*Id.*) In any event, the nurse's administration of the TB test fails to state a viable Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976)(holding that, to state a viable Eighth Amendment claim, prisoner must demonstrate a prison official's deliberate indifference to the prisoner's medical needs.)

so.") Thus the Court finds no exception to Judge Lucido's absolute judicial immunity from Plaintiff's claims. *Id.*

### IV. Conclusion

In summary, Plaintiff fails to state a viable claim against the Macomb County Sheriff's Jail, Macomb County Prosecutor's Office, and Macomb County Jail Nursing Staff because none of these entities are legal entities subject to suit. Plaintiff also fails to state a viable claim against Judge Lucido because he is entitled to absolute judicial immunity for the conduct alleged in Plaintiff's complaint.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Derrick Luster
14031 Asbury Park
Detroit, MI 48227

James S. Meyerand, Esq.